Shauck, J.
It is admitted that the act under which the improvement was made is unconstitutional if tested by our recent decisions. It is, however, in *485 sisted by counsel for the plaintiffs in error that if tested by the decisions of this court rendered before the passage of the act, it would be found valid, and that only prospective effect should be given to the later decisions by which similar acts have been adjudged to be void. The definite point is that in State v. Commissioners, 35 Ohio St., 458, decided in 1879, this court held a similar act valid, and that case was not overruled until we decided Hixson v. Burson, 54 Ohio St., 470, in 1896, after the passage of the Columbian avenue act, and after the improvement for which it attempted to provide had been undertaken. It would be quite easy to point out that the Columbian avenue act has constitutional infirmities in addition to those found in the act which was held to be valid in State v. Commissioners. One such infirmity is indicated in State v. Commissioners, 54 Ohio St., 333, where it was not found necessary to overrule the earlier decision. But the consideration of the case may be advanced and full justice done to the argument of the counsel for the plaintiffs in error if we follow them in the assumption that when the Columbian avenue act was passed and the contemplated improvement was made, the belief that the act in all of its parts was valid was justified by rules of constitutional interpretation which had been defined in, or were deducible from, the former decisions of this court. It is not assumed that we had ever decided that this particular act is valid, for it is admitted that it was never before us.
The doctrine which is invoked as applicable to the case, in view of the assumed state of our decisions at the passage of the act, has been developed through many difficulties and over much opposition. This was inevitable because of the general recognition of the rule that legislative acts in contravention of con *486 stitutional limitations are void, and of the other rule that judicial decisions declare, but do not make, the law. Nevertheless, it appears from numerous cases, many of which are cited in the briefs, that the doctrine is now' established. It is, however, to be observed Avith respect to many of those cases that they involve the consequences of a change of decision as to the validity or interpretation of the same statute; and, Avith respect to all of them, that the rights which they enforce, notwithstanding the change of judicial decision, are rights resting in contract. An accurate statement of the rule and the reason by which it is supported will obviate error in its application. Such a statement is found in the opinion of Chief Justice Waite in Douglass v. County of Pike, 101 U. S., 677: “The true rule is to give a change of judicial construction in respect to a statute the same effect in its operation on contracts and existing contract rights that would be given to a legislative amendment; that is to say, making it prospective but not retroactive. After a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is to all intents and purposes the same in its effect on contracts as an amendment of the law by means of a legislative enactment.” This compendious statement of the rule and its reason meets the requirements of all the cases cited. Its purpose is to secure the full operation of the constitutional prohibition of laws impairing the obligation of contracts. It is apparent, alike from the terms in •which the rule is stated and from its reason and purpose, that it can be invoked only for the enforcement of rights which rest in contract. It does not appear that it has ever been applied to any other purpose. *487 Since the valdity of the bonds issued by the commissioners under the Columbian avenue act is not drawn in question in the cases before us, it is quite evident that the courts below did not err in refusing to apply the rule stated. The position of the plaintiffs in error derives no support from Goodale v. Fennell, 27 Ohio St., 426, or the other cases of which it is a type. They merely hold that the constitutional provision against laws impairing contracts preserves not only the contracts themselves, but all existing remedies which are necessary to their practical enforcement. Nor is their position sustained by the cases in which, out of regard for the stability of their decisions, courts have refused to reconsider cases already decided in order that there might be applied different rules laid down in later cases. There appears to be no reason why these cases should not be determined by the general rule that unconstitutional enactments are nullities. Norton v. Shelby County, 118 U. S., 425. The plaintiffs in error assert no right arising out of contract, but seek to impose upon the property of a few citizens the burden of making the improvement, to the relief of the county whose representatives, according to a well known legislative custom, secured the passage of the unconstitutional act.
It is admitted that the parties who seek the relief from these assessments did not actively promote the improvement in any way. But it is contended that since none of them opposed it except by presenting ineffectual protests to the commissioners, they are now estopped to deny the validity of the assessment by which it was anticipated that one-half of the cost of making the improvement would be paid. The proposition is that since they did not take effective measures to prevent the expenditure of money for an improvement by which the public are benefited, and *488 they are especially benefited, they should not now be heard to object to the validity of the assessments by which it was expected that money would be realized for the payment of the bonds. This proposition is said to be supported by Tone v. Columbus, 39 Ohio St., 281. The opinion of the circuit court shows that this point was there determined on the authority of Columbus v. Agler, 44 Ohio St., 485. The relation of these cases is intimate. The later case arose in the circuit court of Franklin county where that court, as the successor of the district court, was engaged in determining the validity of assessments for the improvement of High street, pursuant to the mandate of this court in the Tone case, and in the later case it was determined that inasmuch as the public, in making the unauthorized improvement, was upon a street which it owned and was not a trespasser as to Mrs. Agler, “she was not required to do anything until steps were taken to make the assessments upon her property.” The application of this doctrine to the cases before us is obvious. If, therefore, Tone v. Columbus would justify the purpose for which it is cited, it must be regarded as modified by Columbus v. Agler. That it was not intended to give such important effect to a void enactment should be inferred from the fact that the court did not either over-rule or modify Wright v. Thomas, 26 Ohio St., 346, which is full authority for the proposition that the doctrine of estoppel cannot be invoked in a case of this character.

Judgments affirmed.